UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESSICA FINKELSON, on behalf of
herself and those similarly situated,

CASE NO.:

    Plaintiff,

v.

TUI LIFESTYLE, LLC., A
Florida Limited Liability Company, and
JASON ATKINS, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JESSICA FINKELSON, ("FINKELSON" or "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, TUI LIFESTYLE, LLC. ("TL"), a Florida Limited Liability Company, and JASON ATKINS ("JA"), individually, (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Miami-Dade County, Florida.

5. At all times material hereto, TL was and continues to be a Florida Limited Liability Company. Further, at all times material hereto, TL was and continues to be engaged in business in Florida, with its principal place of business in Miami-Dade County, Florida.

6. At all times relevant to this action, "JA" was an individual resident of the State of Florida, who owned and operated "TL" and who regularly exercised the authority to: (a) hire and fire employees of "TL"; (b) determine the work schedules for the employees of "TL"; and (c) control the finances and operations "TL"; "JA" is an employer as defined by 29 U.S.C. 201 et. seq.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

9. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

10. Defendants were and continue to be "employers" within the meaning of FLSA.

11. At all times material hereto, TL was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

12. At all times material hereto, TL was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was

in excess of $500,000.00 per annum during the relevant time periods.

14. At all times relevant hereto, Defendants had more than two employees.

15. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

17. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. The additional persons who may become plaintiffs in this action are/were "clerical employees" for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

20. On or about August 20, 2010, Defendants hired Plaintiff to work as a "clerical employee."

21. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

22. From at least August 20, 2010, and continuing through June 7, 2011, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all

hours worked in excess of forty (40) hours in a single work week.

23. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

24. Defendants have violated Title 29 U.S.C. §207 from August 20, 2010 through June 7, 2011, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

25. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

26. Plaintiff re-alleges and reavers paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27. From August 20, 2010 and continuing through June 7, 2011, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

28. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

29. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

30. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

31. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

32. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

34. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

35. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay

5

Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

36. Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

37. Plaintiff adopts all allegations in paragraphs 1 through 36.

38. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

39. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

40. Plaintiff may obtain declaratory relief.

41. Defendants employed Plaintiff.

42. Defendants are an enterprise.

43. Plaintiff was individually covered by the FLSA.

44. Defendants failed to pay Plaintiff for all hours worked.

45. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

46. Defendants did not rely upon a good faith defense.

47. Plaintiff is entitled to an equal amount of liquidated damages.

48. It is in the public interest to have these declarations of rights recorded.

49. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

50. The declaratory judgment action terminates and affords relief from uncertainty,

insecurity, and controversy giving rise to the proceeding.

51. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff;

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: October \_\_11\_\_, 2011

                                                Respectfully submitted,

                                                MORGAN & MORGAN, P.A.
                                                6824 Griffin Road
                                                Davie, Florida 33314
                                                Telephone: (954) 318-0268
                                                Facsimile: (954) 333-3515
                                                E-mail: AFrisch@forthepeople.com

                                                _____
                                                ANDREW FRISCH, ESQ.
                                                Florida Bar No. 27777
                                                Trial Counsel for Plaintiff